IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ENLINK GEOENERGY SERVICES, INC.,

    Plaintiff,

  v.

JACKSON & SONS DRILLING & PUMP, INC., et al.,

    Defendants.

                                              /

No. C 09-03524 CW

ORDER DENYING SONIC DEFENDANTS' MOTION TO STAY

    Defendants Sonic Drill Corporation, Sonic Drilling, Ltd. and Ray Roussy (Sonic Defendants) filed a motion to stay the three patent claims against them, pending the final judgment in the interference proceedings before the Board of Patent Appeals and Interference (BPAI) of the United States Patent and Trademark Office (PTO). Plaintiff Enlink Geoenergy Services, Inc. opposes the motion. The matter was taken under submission on the papers. Having considered all of the papers filed by the parties, the Court denies Sonic Defendants' motion.

BACKGROUND

    Plaintiff Enlink was founded in 1995 and specializes in the development and installation of geothermal heat pumps (GHP) at commercial and institutional facilities. Howard E. Johnson Decl.

¶ 2.  Howard Johnson, Senior Vice President and Chief Technology Officer of EnLink, claims, "Sometime between 1997 and 2001, [he] conceived of the use of sonic drilling techniques to facilitate the installation of GHP systems."  Id. at ¶ 5.

Since 2003, Defendant Ray Roussy, President of Defendant Sonic Drill Corporation and Sonic Drilling, Ltd., has been in the business of drilling holes in the ground using sonic drilling equipment.  Roussy claims that, in a telephone conversation in January, 2003 and in a live demonstration in April, 2003, he described for Johnson how Sonic's drilling technology and equipment worked.

On July 3, 2003, Johnson filed the first of three patent applications relating to this case.  The first application (U.S. Patent Application No. 10/613,511) was entitled, "Earth Loop Installation with Sonic Drilling," and it resulted in U.S. Patent No. 6,955,219.  On October 10, 2005, Johnson filed U.S. Patent Application No. 11/247,997, entitled, "Earth Loop Installed with Sonic Apparatus," which resulted in U.S. Patent No. 7,093,657. Lastly, on August 18, 2006, Johnson filed U.S. Patent Application No. 11/506,395, also entitled, "Earth Loop Installed with Sonic Apparatus," which resulted in U.S. Patent No. 7,270,182.  Steven B. Kelber Decl., Exh. 1-3.  All three patents were assigned to Enlink.

After learning of Johnson's initial patent application (No. 10/613,511), Roussy contacted Enlink to dispute the inventorship of the patent.  It is not clear from the documents submitted by the parties when Roussy learned of the patent and contacted Enlink.  On February 28, 2005, Roussy filed his own patent application (No. 11/067,225), directed to his technology entitled, "Method of

2

1 Geothermal Loop Installation."  This application is pending before
2 the PTO.
3     At some point after filing his patent application, Roussy
4 requested Declarations of Interference from the BPAI.  Patent
5 Interference Nos. 105,707 and 107,708.  The BPAI will determine
6 whether Johnson or Roussy was the first to invent the subject
7 matter in question.  On July 23, 2009, the PTO concluded that the
8 evidence submitted thus far by Roussy, if left unrebutted, would
9 support a determination that he was the prior inventor.  See 37
10 C.F.R. § 41.202(d) and (e).  Now that this conclusion has been
11 made, the BPAI will conduct interference proceedings to determine
12 the proper priority date for each inventor.
13     On July 31, 2009, Enlink filed the instant action against
14 Sonic Defendants, Jackson & Sons Drilling & Pump, Inc. and James D.
15 Jackson (collectively "Jackson Defendants").  The first three
16 causes of action are for patent infringements and are asserted
17 against all Defendants.  The fourth cause of action is for
18 violating state contractor licensing laws and is asserted against
19 only Jackson Defendants.  In the present motion, Sonic Defendants
20 seek to stay the first three causes of action.

                               DISCUSSION

22     The Federal Circuit has stated that a district court has
23 discretion to stay its proceedings pending the outcome of parallel
24 proceedings in the PTO.  See Medichem v. Rolabo, 353 F.3d 928, 936
25 (Fed. Cir. 2003).  The record generated by the BPAI, "particularly
26 in light of the Board's expertise in the matter, may permit the
27 district court to avoid a needless duplication of efforts."  Id.
28 The Federal Circuit has also noted that "a priority determination

United States District Court
For the Northern District of California

3

that results in the cancellation of the interfering claims [of the relevant patents] . . . would eliminate the need for further proceedings in the district court altogether." Id.

In determining whether to stay a case pending an interference proceeding, a court may consider the following factors: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay would simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. In re Cygnus Telecomm. Tech., LLC Patent Litig., 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005).

Discovery in this case is still in its early stages and no trial date has been set. Enlink filed its complaint less than two months ago and nothing else substantive has happened in the case. The parties have not exchanged preliminary disclosures, begun discovery or filed any other motions. Thus, this factor weighs in favor of a stay.

Staying the case will not necessarily simplify the issues in question and the trial of the case. The pending interference proceedings do not cover all of the claims of the patents at issue in the present suit because those proceedings do not include claims 21 and 22 of the '219 Patent, claims 13-15 and 19 of the '657 Patent and claims 8, 9 and 11-18 of the '182 Patent. Sonic Defendants assert that they will move to add to the interference proceedings the claims not currently being considered by the BPAI. However, this does not insure that the claims will become part of the interference proceedings. Thus, all of the issues regarding the patents in question before this Court will not necessarily be

4

resolved in the interference proceeding.  Accordingly, this Court will likely have to adjudicate the infringement and validity of at least some patent claims.

Moreover, it is not clear that Sonic Defendants will prevail in the interference proceedings because the senior party, which in this case is Enlink, prevails about seventy-five percent of the time in these proceedings.  See Edwards v. Strazzabosco, 58 U.S.P.Q. 2d 1836, 1840 (BPAI 2001).  Though this statistic is not predictive of the merits of any issues before the Court, it informs the Court as to how often PTO proceedings actually simplify issues in a lawsuit.

Finally, the Court addresses whether entering a stay in this case will unduly prejudice and present a clear tactical disadvantage to the non-moving party, Enlink.  Enlink asserts that delaying this litigation until the interference proceedings are completed will harm its position in the GHP market.  The BPAI attempts to complete all interference proceedings within two years.  37 C.F.R. § 41.200(c) ("Patent interferences shall be administered such that pendency before the Board is normally no more than two years.").  In this time frame, Enlink claims that, as long as the patents in question remain disputed, it cannot develop licensing partners and effectively expand its business.  In the current economic and political climate, the demand for GHP products is expanding greatly and delaying the present litigation would harm Enlink's ability to take advantage of this expansion.  On balance, the factors weigh against granting Sonic Defendants' motion to stay the proceeding.

CONCLUSION

For the foregoing reasons, Sonic Defendants' motion to stay is denied (Docket No. 13).  The parties shall coordinate with each other and the BPAI to streamline discovery.  The parties should prioritize the discovery that is needed for the interference proceedings and cooperate so that such discovery can also be used for purposes of this case.

IT IS SO ORDERED.

Dated: 10/16/09

CLAUDIA WILKEN
United States District Judge