1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ENLINK GEOENERGY SERVICES, INC.,

   Plaintiff,

  v.

JACKSON & SONS DRILLING & PUMP, INC. et al.,

   Defendants.
_____/

No. C 09-03524 CW

ORDER GRANTING SONIC
DEFENDANTS' MOTION
TO DISMISS

   Defendants Sonic Drill Corporation, Sonic Drilling and Ray Roussy (Sonic Defendants) move to dismiss Plaintiff EnLink's claims for lack of personal jurisdiction.[1]  Plaintiff opposes the motion. The Court heard the motion on November 19, 2009.  Having considered oral argument and all of the papers submitted by the parties, the Court grants Sonic Defendants' motion to dismiss.

BACKGROUND

   Plaintiff EnLink is a Delaware corporation that develops, designs and installs geothermal heat pumps and earth heat exchangers.  Since May, 2009, EnLink's principal place of business has been Los Angeles, California.  Sonic Defendants allege that,

_____

[1] Defendants Jackson Drilling and James Jackson are not parties to this motion.

prior to May, 2009, EnLink's principal place of business was in Texas.

Sonic Drill Corporation (Sonic) is a Nevada corporation with its principal place of business in Washington.  Sonic sells geothermal drilling equipment.  Sonic Drilling, Ltd. (Sonic Canada) is a Canadian corporation with its principal place of business in Canada.  It performs drilling work using Sonic equipment and also provides training to purchasers of Sonic equipment.  Ray Roussy is the President of Sonic and Sonic Canada.  He is a Canadian citizen and resides in Canada.  Sonic Defendants do not have offices, employees, or agents in California.

On July 31, 2009, EnLink filed the original complaint in this matter, alleging that Sonic Defendants infringed unspecified claims of United States Patent Numbers 6,955,219 ('219 patent), 7,093,657 ('657 patent) and 7,270,182 ('182 patent).  These patents protect methods of installing earth loops with sonic drilling and sonic equipment.  EnLink claims that Sonic Defendants infringed these patents by selling equipment that is used in performing the patented methods and by teaching others how to perform the patented methods in the United States.  EnLink specifically alleges that Sonic Defendants induced Defendant Jackson & Son Drilling and James Jackson (Jackson Defendants) to infringe EnLink's Patents.  Jackson & Son Drilling is incorporated and has its primary place of business in Ohio.  On October 13, 2009, EnLink filed a first amended complaint, additionally alleging that Sonic Defendants contributed to or induced several other identified third parties to

United States District Court

For the Northern District of California

2

infringe the same patents.[2]  EnLink does not allege that any of the third parties reside in California or that any of Sonic Defendants' conduct that induced infringement by the third parties occurred in California.

LEGAL STANDARD

Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, a defendant may move to dismiss for lack of personal jurisdiction. In a suit alleging patent infringement, Federal Circuit law is applied to determine whether the district court has personal jurisdiction over an out-of-state corporation.  Avocent Huntsville Corp., et al. v. Aten Int'l Co., 552 F.3d 1324, 1328 (Fed. Cir. 2008).

Where a district court's disposition of the personal jurisdiction question is based on affidavits and other written materials, a plaintiff need only make a prima facie showing that the defendants are subject to personal jurisdiction.  Trintec Indus. v. Pedre Promotional Prods., 395 F.3d 1275, 1282 (Fed. Cir. 2005).  The district court must construe all pleadings and affidavits in the light most favorable to the plaintiff and resolve any factual conflicts in the affidavits in the plaintiff's favor. Id. at 1282-83; Elecs. For Imaging, Inc. v. Coyle, 340 F.3d 1344, 1349 (Fed. Cir. 2003).

"Determining whether personal jurisdiction exists over an out-of-state defendant involves two inquiries: whether a forum state's long-arm statute permits service of process, and whether the assertion of personal jurisdiction would violate due process."

---

[2] The named third parties are not defendants in this case.

United States District Court
For the Northern District of California

Inamed Corp. v. Kuzmak, 249 F.3d 1356, 1359 (Fed. Cir. 2001).

California's jurisdictional statute is co-extensive with federal due process requirements; therefore, jurisdictional inquiries under state law and federal due process standards merge into one analysis: "whether jurisdiction comports with due process." Inamed Corp., 249 F.3d at 1360.

The exercise of jurisdiction over non-resident defendants violates due process unless those defendants have "minimum contacts" with the forum state so that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). "[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958). Personal jurisdiction may be either general or specific.

DISCUSSION

I.   General Jurisdiction

General jurisdiction exists when a defendant maintains "continuous and systematic" contacts with the forum state even if the cause of action has no relation to those contacts. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984). The standard for establishing general jurisdiction is "fairly high." Id. Random, fortuitous, or attenuated contacts do not count in the minimum contacts calculus. Burger King v. Rudzewicz, 471 U.S. 462, 475 (1985). Factors considered in evaluating the extent of contacts include whether the defendant makes sales, solicits or engages in business, designates an agent

4

for service of process, holds a license, or is incorporated in the forum state.  Bancroft & Masters, Inc. v. Augusta Nat'l, Inc., 223 F.3d 1082, 1086 (9th Cir. 2000).

EnLink argues that general jurisdiction is proper because Sonic Canada maintains a website that is accessible to California residents.  The website contains advertisements of Sonic Defendants' products and displays a video demonstrating how to use the allegedly infringing equipment.  However, Sonic Defendants do not conduct business on this website in that consumers cannot purchase products on the site.  The Ninth Circuit has consistently held that merely maintaining a passive website is insufficient to establish personal jurisdiction.  Brayton Purcell LLP v. Recordon and Recordon, 575 F.3d 981, 986 (9th Cir. 2009); Cybersell, Inc. v. Cybersell, Inc. 130 F.3d 414, 419 (9th Cir. 1997) (holding that, "the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet.") The parties cite no Federal Circuit case addressing this issue, and the Court is aware of none.  Sonic Canada's website does not constitute a basis for the exercise of personal jurisdiction.

Operating a passive website in conjunction with other activities targeting the forum, such as local radio and print advertising, may confer personal jurisdiction.  Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1020 (9th Cir. 2002). EnLink argues that Sonic Defendants targeted California consumers by attending the International Ground Source Heat Pump Association (IGSHPA) Convention and Exposition where they marketed their products and performed the infringing method.  Butler Dec. at ¶ 5.

United States District Court
For the Northern District of California

EnLink alleges that several California residents were present at the IGHSPA Convention, but does not allege that it took place in California. Sonic Defendants claim that it took place in Dallas, Texas. The fact that Sonic Defendants attended this convention does not prove that they targeted California. EnLink has not provided any evidence that Sonic Defendants have advertisements that target California.

EnLink also argues that Sonic Defendants have contact with California because one of their earliest customers was Boart Longyear Limited, a company that provides drilling services out of its California offices. However, EnLink does not allege that Boart Longyear actually uses any of Sonic Defendants' products in California, that Sonic Defendants sold their products to Boart Longyear in California or that Sonic Defendants trained any of Boart Longyear's California employees. Thus, the fact that Boart Longyear, which Sonic Defendants allege is a global company, has a California office, is not enough to establish general jurisdiction over Sonic Defendants.

EnLink has not established that Sonic Defendants have substantial or continuous and systematic contact with California that would subject them to general jurisdiction. EnLink has presented no evidence that Sonic Defendants made any sales in California, sold any products to California residents, have a distribution channel in California, own any property in California, designated an agent for service of process in California or hold a license in California. Therefore the Court cannot exercise general personal jurisdiction over Sonic Defendants.

II.  Specific Jurisdiction

Specific jurisdiction exists when the cause of action arises out of or relates to a defendant's contacts with the forum state, even if those contacts are isolated and sporadic. <u>Trintec Indus.</u>, 395 F.3d at 1279.  The Federal Circuit has identified three factors to consider in determining whether the exercise of specific personal jurisdiction over an out-of-state defendant comports with due process: 1) whether the defendant "purposefully directed" its activities at residents of the forum; 2) whether the claim "arises out of or relates to" the defendant's activities in the forum; and 3) whether the exercise of jurisdiction is "reasonable and fair." <u>Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.</u>, 297 F.3d 1343, 1351 (Fed. Cir. 2002).

A.  Purposefully Directed

The Supreme Court has allowed the exercise of specific jurisdiction over a defendant whose only contact with the forum state is the "purposeful direction" of a foreign act having an effect in the forum state. <u>Calder v. Jones</u>, 465 U.S. 783, 788-90 (1984).  EnLink argues that Sonic Defendants' behavior satisfies the "effects test" articulated in <u>Calder</u>.  Knowledge that out-of-state actions will have an effect in the forum state may be sufficient to create jurisdiction. <u>Bancroft & Masters, Inc.</u>, 223 F.3d at 1087 (personal jurisdiction exists under the <u>Calder</u> effects test when a defendant is "engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state.").  EnLink claims that Sonic Defendants induced infringement of EnLink's patents, including training third parties to infringe EnLink's patents, and that they did so knowing that EnLink's

1   principal place of business is California.

2       Although EnLink's current principal place of business is in

3   Los Angeles, it relocated to California in May, 2009 and brought

4   this suit in July, 2009.  Butler Dec. at ¶ 2.  EnLink does not

5   allege when Sonic Defendants induced the Jackson Defendants or any

6   of the identified third parties to infringe, let alone that any of

7   these wrongful acts occurred after May, 2009.  Therefore, EnLink

8   has not shown that Sonic Defendants directed its activities at

9   EnLink in California.

10      EnLink argues that the instigation of this lawsuit put Sonic

11  Defendants on notice that California is EnLink's primary place of

12  business.  Thus, Sonic Defendants knew that any continued acts of

13  infringement would harm EnLink in California.  However, EnLink

14  cannot use its suit to create personal jurisdiction over Sonic

15  Defendants.  Jurisdiction is only proper where the contacts

16  proximately result from actions by the defendant itself that create

17  a substantial connection with the forum state.  McGee v. Int'l Life

18  Ins. Co., 355 U.S. 220, 223 (1957); see also Helicopteros, 466 U.S.

19  at 416-17 (unilateral activity by plaintiff or other persons over

20  whom non-resident defendant has no control does not satisfy the

21  "purposeful availment" requirement).  Furthermore, given that

22  EnLink filed the lawsuit shortly after relocating, it is unlikely

23  that Sonic Defendants could reasonably foresee being sued in

24  California.  See World-Wide Volkswagen Corp. v. Woodson, 444 U.S.

25  286, 297 (1980) ("the foreseeability that is critical to due

26  process analysis . . . is that the defendant's conduct and

27  connection with the forum State are such that he should reasonably

28  anticipate being haled into court there.").

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1    EnLink also argues that Sonic Defendants are subject to

2  personal jurisdiction because their products enter California in

3  the stream of commerce.  Specifically, EnLink claims that Sonic

4  Defendants sell Sonicor Model 50K drill top heads, a non-infringing

5  product, to Laibe Corporation, an Indiana-based company.  Laibe

6  Corporation installs the Sonic drill heads into their Versa-Sonic

7  drilling rigs which are then sold to third parties, including

8  Jackson Defendants.  A forum state can exercise "personal

9  jurisdiction over a corporation that delivers products into the

10  stream of commerce with the expectation that they will be purchased

11  by consumers in the forum State."  World-Wide Volkswagen, 444 U.S.

12  at 297-98.  In Beverly Hills Fan Co. v. Royal Sovereign Corp., the

13  Federal Circuit held that specific personal jurisdiction exists

14  where an allegedly infringing product is sold in the forum through

15  an established distribution channel.  21 F.3d 1558, 1565 (Fed. Cir.

16  1994).

17    The facts here do not support personal jurisdiction under the

18  "stream of commerce" theory.  The product allegedly being placed

19  into the stream of commerce is not an infringing product, but is

20  manufactured under a patent owned by Sonic Defendants.  Kelber

21  Dec., Ex 1.  Furthermore, EnLink provides no evidence that Sonic

22  Defendants expected their products would be purchased by California

23  consumers.  There is no evidence that the Sonic drill heads were

24  sold in California or to a California company.  EnLink has made no

25  showing that Laibe Corporation, an Indiana company, has a regular

26  distribution channel purposefully directing products to California.

27  EnLink shows only that Sonic Defendants sold drill heads to Laibe

28  Corporation which then incorporated the drill heads into the Versa-

**United States District Court**
For the Northern District of California

Sonic drill and sold the completed drill in Ohio to Jackson & Sons
Drilling which then used the drill in California.  This is too
tenuous a connection to establish personal jurisdiction over Sonic
Defendants.

EnLink has not established that Sonic Defendants purposefully
directed their activities or their products at California.

B.   Claim Arises out of Activities in the Forum

Tortious injury caused by patent infringement occurs within
the state where the allegedly infringing sales are made.
<u>Commissariat a l'Energie Atomique v. Chi Mei Optoelectronics Corp.</u>,
395 F.3d 1315, 1318 (Fed. Cir. 2005).  As discussed above, Sonic
Defendants have not made any infringing sales or provided any
infringing services in California.  Therefore, the claim does not
arise out of activities in the forum.

EnLink argues that its claim arises out of the activities
directed at it under <u>Calder</u>'s effects test, claiming that, but for
Sonic Defendants inducing infringement and selling equipment
designed for infringing activities, EnLink would not be harmed in
California.  However, as discussed above, EnLink was not in
California at the time the wrongful acts occurred, and therefore
was not harmed in California.

C.   Reasonableness

There is a presumption of reasonableness upon a showing that
the defendant purposefully directed its activities at forum
residents; the defendant bears the burden of overcoming the
presumption by presenting a compelling case that specific
jurisdiction would be unreasonable.  <u>Burger King Corp.</u>, 471 U.S. at
477.  Several factors should be considered in determining whether

10

jurisdiction is reasonable:  "(1) the burden on the defendant, (2) the interests of the forum state, (3) the plaintiff's interest in obtaining relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several States in furthering fundamental substantive social policies."  <u>Elecs. for Imaging</u>, 340 F.3d at 1352; <u>see</u> <u>Asahi Metal Indus. Co. v. Super. Ct. of Cal.</u>, 480 U.S. 102, 113 (1987).

EnLink has not met its burden by showing that Sonic Defendants purposefully directed their activities at forum residents or that its claim arises out of Sonic Defendants' actions in the forum; therefore the Court need not address these factors.

III. Jurisdictional Discovery

The district court should apply the law of the regional circuit for jurisdictional discovery requests.  <u>Autogenomics, Inc. v. Oxford Gene Tech. Ltd.</u>, 566 F.3d 1012, 1021 (Fed. Cir. 2009). Where a district court concludes that the existing record is insufficient to support personal jurisdiction and the plaintiff demonstrates that it can supplement its jurisdictional allegations through discovery, the plaintiff is entitled to jurisdictional discovery.  <u>Trintec Indus.</u>, 395 F.3d at 1283.  "Discovery may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary."  <u>Boschetto v. Hansing</u>, 539 F.3d 1011, 1020 (9th Cir. 2008) (quoting <u>Data Disc, Inc. v. Sys. Tech. Assoc., Inc.</u>, 557 F.2d 1280, 1285 n.1 (9th Cir. 1977)).

EnLink argues that the Court should permit it to conduct jurisdictional discovery so that it can determine how many of Sonic

United States District Court
For the Northern District of California

1   Defendants' customers reside in California or have used Sonic

2   Defendants' equipment in California, and whether Sonic Defendants

3   have ever directed advertisements and other marketing activity at

4   California residents.  The Court need not grant jurisdictional

5   discovery simply because EnLink believes that discovery will enable

6   it to demonstrate sufficient California business contacts to

7   establish personal jurisdiction.  <u>Boschetto</u>, 539 F.3d at 1020.

8   Sonic Defendants state that they have never sold equipment in

9   California, advertised in California, or conducted business in

10  California.  Roussy Dec. at ¶¶ 2-12.  EnLink has presented no

11  evidence to suggest otherwise nor does EnLink describe what kind of

12  discovery it would pursue or identify likely deponents, inquiries,

13  or documents that it is seeking.  Therefore, EnLink's request for

14  jurisdictional discovery is denied.

15                           CONCLUSION

16       For the foregoing reasons, the Court grants Sonic Defendants'

17  motion to dismiss for lack of personal jurisdiction.[3]

18       IT IS SO ORDERED.

19

20  Dated:

                    _____
21                  CLAUDIA WILKEN
                    United States District Judge
22

23

24

25

─────────────

26       [3]It is not clear that there is any court where all Defendants
    are subject to jurisdiction.  Nonetheless, litigation of the same
27  issues in multiple jurisdictions is inefficient and wasteful for
    all parties, as well as for the courts involved.  The Court
28  encourages the parties to agree upon economical procedures for
    resolving their differences.

                              12