**United States District Court**
For the Northern District of California

1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7

8              FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                                          No. C 09-03524 CW

10   ENLINK GEOENERGY SERVICES, INC.,
                                           ORDER GRANTING
11          Plaintiff,                     DEFENDANTS' MOTION
                                           TO DISMISS
12      v.

13   JACKSON & SONS DRILLING & PUMP, INC.;
     JAMES D. JACKSON; SONIC DRILL
14   CORPORATION; SONIC DRILLING, LTD.;
     and RAY ROUSSY,
15
            Defendants.
16   _____/

17        In this patent infringement case, Defendants Jaskson & Sons

18   Drilling & Pump, Inc. and James Jackson (Jackson Defendants) move

19   to dismiss under Federal Rule of Civil Procedure 12(b)(6) all

20   claims brought against them.[1]  Jackson Defendants argue that

21   Plaintiff Enlink Geoenergy Services, Inc. has failed to allege a

22   short and plain statement showing that it is entitled to relief for

23   each of its four causes of action.  Plaintiff opposes the motion.

24   The matter was taken under submission on the papers.  Having

25   considered all of the papers filed by the parties, the Court GRANTS

26

27        [1]Remaining Defendants Sonic Drill Corporation, Sonic Drilling,
     Ltd. and Ray Roussy have been served but have not answered the
28   complaint or joined in this motion.

1  Jackson Defendants' motion.

2                          DISCUSSION

3      A complaint must contain a "short and plain statement of the

4  claim showing that the pleader is entitled to relief."  Fed. R.

5  Civ. P. 8(a).  When considering a motion to dismiss under Rule

6  12(b)(6) for failure to state a claim, dismissal is appropriate

7  only when the complaint does not give the defendant fair notice of

8  a legally cognizable claim and the grounds on which it rests.

9  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In

10  considering whether the complaint is sufficient to state a claim,

11  the court will take all material allegations as true and construe

12  them in the light most favorable to the plaintiff.  NL Indus., Inc.

13  v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).  However, this

14  principle is inapplicable to legal conclusions; "threadbare

15  recitals of the elements of a cause of action, supported by mere

16  conclusory statements," are not taken as true.  Ashcroft v. Iqbal,

17  ___ U.S. ___, 129 S. Ct. 1937, 1949-50 (2009) (citing Twombly, 550

18  U.S. at 555).

19      When granting a motion to dismiss, the court is generally

20  required to grant the plaintiff leave to amend, even if no request

21  to amend the pleading was made, unless amendment would be futile.

22  Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911

23  F.2d 242, 246-47 (9th Cir. 1990).  In determining whether amendment

24  would be futile, the court examines whether the complaint could be

25  amended to cure the defect requiring dismissal "without

26  contradicting any of the allegations of [the] original complaint."

27  Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990).

28  Leave to amend should be liberally granted, but an amended

United States District Court
For the Northern District of California

complaint cannot allege facts inconsistent with the challenged pleading. Id. at 296-97.

Plaintiff brings three types of claims against Jackson Defendants: (1) direct infringement claims against Jackson Drilling, (2) inducement claims against Mr. Jackson and (3) a claim for injunctive relief under California's Contractor License Law, California Business and Professions Code section 7028.4 against Jackson Drilling.  Jackson Defendants argue that Plaintiff's complaint does not include enough detail to put them on notice of Plaintiff's claims and the grounds upon which they rest.  The Court agrees.

After reviewing the complaint, the Court concludes that Plaintiff's complaint merely restates the elements of the infringement causes of action.  Plaintiff offers the same allegation to support each of its direct infringement claims: "In violation of 35 U.S.C. § 271(a), Defendant Jackson Drilling has offered for sale, sold, and performed in the United States methods that infringe one or more claims of the" patent at issue.  FAC ¶¶ 11, 20, 29.  Plaintiff does not include any further information about what Jackson Drilling did to infringe the patents in question.  Specifically, Plaintiff has not identified the activity that Jackson Drilling allegedly undertakes that infringes Plaintiff's patents.

Even compared to the minimalist approach embodied in Form 18 from the appendix to the Federal Rule of Civil Procedure, Plaintiff's complaint falls short. "The forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate." Fed. R. Civ. P. 84.  Form 18 offers

3

United States District Court
For the Northern District of California

an example of how to plead a claim for direct infringement.  The Form provides, in relevant part, "The defendant has infringed and is still infringing the Letters Patent by making, selling, and using <u>electric motors</u> that embody the patented invention, and the defendant will continue to do so unless enjoined by this court." (Emphasis in original).  Form 18 requires a plaintiff to identify the device or method that is accused of infringement, "electric motors," but Plaintiff's complaint provides nothing more than a class of infringing activity: "methods."  The pleading fails to notify Jackson Drilling of the methods it is allegedly infringing.  Therefore, the Court dismisses Plaintiff's direct infringement causes of action because they fail to state a claim upon which relief can be granted.

Plaintiff's claims for indirect infringement against Mr. Jackson are equally conclusory and uninformative.  To prevail on an inducement claim, "the patentee must establish 'first that there has been direct infringement, and second that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement.'"  <u>ACCO Brands, Inc. v. ABA Locks Mfr. Co., Ltd.</u>, 501 F.3d 1307, 1312 (Fed. Cir. 2007) (quoting <u>Minn. Mining & Mfg. Co. v. Chemque, Inc.</u>, 303 F.3d 1294, 1304-05 (Fed. Cir. 2002).  Here, Plaintiff fails to allege any facts to support its inducement causes of action against Mr. Jackson.  Plaintiff's complaint merely repeats the exact language from the statute without adding any factual allegations.  Mere conclusory recitations of a statute are not sufficient under Rule 8 to plead a cause of action.  <u>Iqbal</u>, 129 S. Ct. at 1949.  Therefore, the Court dismisses the inducement claims against Mr. Jackson.

United States District Court
For the Northern District of California

1    Plaintiff brings a claim against Jackson Drilling under

2 section 7028.4 of the California Business and Professions Code.

3 This section is part of the Contractors' State License Law,

4 Business and Professions Code section 7000 et seq. Jackson

5 Defendants argue that section 7028.4 does not create a private

6 right of action.  The section provides,

7        In addition to the remedies set forth in Section 7028.3, on
         proper showing by (1) a licensed contractor, or an
8        association of contractors, (2) a consumer affected by the
         violation, (3) a district attorney, or (4) the Attorney
9        General, of a continuing violation of this chapter by a
         person who does not hold a state contractor's license in any
10       classification, an injunction shall issue by a court
         specified in Section 7028.3 at the request of any such
11       party, prohibiting such violation. The plaintiff in any such
         action shall not be required to prove irreparable injury.
12
   Cal. Bus. & Prof. Code § 7028.4.  Jackson Defendants argue that
13
   section 7028.3 is the only section that authorizes a cause of
14
   action.  That section states:
15
         In addition to all other remedies, when it appears to the
16       registrar, either upon complaint or otherwise, that a
         licensee has engaged in, or is engaging in, any act,
17       practice, or transaction which constitutes a violation of
         this chapter whereby another person may be substantially
18       injured, . . . the registrar may, either through the
         Attorney General or through the district attorney of the
19       county in which the act, practice, or transaction is alleged
         to have been committed, apply to the superior court of that
20       county or any other county in which such person maintains a
         place of business or resides, for an injunction . . . .
21
   Cal. Bus. & Prof. Code § 7028.3.  Jackson Defendants argue that,
22
   together, these statutes dictate that only the registrar of the
23
   Contractors State License Board may, through the Attorney General
24
   or a district attorney, file a complaint.  Jackson Defendants note
25
   that no court has directly addressed whether section 7028.4 creates
26
   a private right of action.  Although section 7028.3 limits claims
27
   to those made by the Attorney General or a district attorney,
28

section 7028.4 explicitly notes that it provides remedies "in addition to" those set forth in 7028.3.  Section 7028.4 lists four distinct entities that may enforce the statute, two of which are private parties -- licensed contractors and consumers.  Therefore, the plain language of section 7028.4 appears to supply private parties a right of action to sue for an injunction under the statute.  Accordingly, the Court denies Jackson Defendants' motion to dismiss this cause of action on this ground.

However, just as with the infringement claims, Plaintiff has failed to plead sufficient facts to state a claim under section 7028.4.  Again, Plaintiff merely repeats the language of the statute, alleging that Jackson Drilling is engaged in "continued violations" of the California Contractors' State License Law.  In sum, Plaintiff's complaint resembles a "formulaic recitation of the elements" of the statutes Jackson Defendants are alleged to have violated.  Twombly, 550 U.S. at 555.  Therefore, Plaintiff has failed to state a claim for a violation of section 7028.4.

CONCLUSION

For the foregoing reasons, the Court GRANTS Jackson Defendants' motion to dismiss Plaintiff's complaint (Docket No. 64).  Because Plaintiff's claims against Defendants Sonic Drilling Corporation, Sonic Drilling, Ltd. and Ray Roussy are based on the same facts and legal theories as its claims against the moving Defendants, its claims against Sonic Drilling Corporation, Sonic Drilling, Ltd. and Ray Roussy are dismissed as well.  See Abignnin v. AMVAC Chemical Corp., 545 F.3d 733, 742-43 (9th Cir. 2008); Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981) ("A District Court may properly on its own motion dismiss an action

as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related."). The Court grants Plaintiff leave to amend its complaint to remedy the deficiencies noted above, if it can truthfully do so.  An amended complaint must be filed within two weeks of this order. Defendants shall file an answer or a motion to dismiss within two weeks thereafter.

    IT IS SO ORDERED.

Dated: 03/24/10

_____
CLAUDIA WILKEN
United States District Judge